UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Calvin Harris, ) | |
| ) | C/A. No.: 2:11-cv-02209-GRA-BHH |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | (Written Opinion) |
| ) | |
| Lt. Dock Copeland, Officer Cathleen ) | |
| Laury, and the South Carolina ) | |
| Department of Corrections, Broad ) | |
| River Correctional Institution, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court for review of United States Magistrate Judge Bruce Howe Hendricks' Report and Recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), D.S.C., which was filed February 17, 2012. ECF No. 52. Plaintiff Calvin Harris commenced this action on August 20, 2011, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is represented by counsel. Defendant Officer Laury[1] ("Defendant Laury") filed two Motions to Dismiss pursuant to Rule 12(b)(4) and (b)(5) "on the grounds that Plaintiff has failed to serve, or properly serve, Defendant Laury." *See* ECF Nos. 6 & 23. Defendant Laury filed the first Motion to Dismiss on September 12, 2011. *See* ECF No. 6. Defendant Laury filed the second Motion to Dismiss on

---

[1] Defendant Laury left employment with the South Carolina Department of Corrections prior to Plaintiff's commencement of this action. The South Carolina Insurance Reserve Fund retained attorneys to defend Defendant Laury until Defendant Laury could be contacted; however, all attempts to contact Defendant Laury have proven unsuccessful. Both parties concede that Defendant Laury has not been properly served. *See* ECF No. 52.

October 5, 2011.  *See* ECF No. 23.  The matter is before the Court for review of the Report of the United States Magistrate Judge suggesting that Defendant Laury's Motion to Dismiss, *see* ECF No. 6, and Defendant Laury's "Motion to Dismiss for Failure to Serve," *see* ECF No. 23, be DENIED without prejudice and that Plaintiff be given sixty days from the date of this Court's Order within which to serve Laury in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.  ECF No. 52.  On March 5, 2012, Defendant Laury filed Objections to the Report.  *See* ECF No. 56.  Plaintiff filed a Reply to Defendant Laury's Objections on March 22, 2012.  *See* ECF No. 64.  This Court adopts the magistrate's Report in its entirety.

## Discussion

### I.    Report and Recommendation

Magistrate Judge Hendricks recommends denying both of Defendant Laury's Motions to Dismiss without prejudice and the Plaintiff be given sixty days from the date of this Court's Order within which to serve Laury in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.  The magistrate judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## II.    Plaintiff's Objections to Magistrate's Report and Recommendation

In order for objections to be considered by a United States District Judge, the objections must be timely filed and specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  *See Schronce*, 727 F.2d at 94 & n.4.  In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  *See Camby*, 718 F.2d at 199.  Defendant Laury filed timely objections on March 5, 2012.  *See* ECF No. 56.

Defendant Laury concedes that the Motions to Dismiss were filed prior to the expiration of the 120-day period established in Rule 4(m) of the Federal Rules of Procedure. Nevertheless, Defendant objects to the magistrate's recommendation in the Report, contending that the motions were necessary to protect Defendant Laury's interest and served to put Plaintiff's counsel on notice that the South Carolina Department of Corrections could not accept service for Defendant Laury, a former employee. *See* ECF No. 56.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Rule 4(m), Fed. R. Civ. P.

As noted previously, Plaintiff commenced this action on August 20, 2011, pursuant to 42 U.S.C. § 1983. ECF No. 1. Defendant Laury filed the first Motion to Dismiss on September 12, 2011. *See* ECF No. 6. Defendant Laury filed the second Motion to Dismiss on October 5, 2011. *See* ECF No. 23. Both motions were filed prior to the 120-day period established by Rule 4(m) of the Federal Rules of Civil Procedure. Since the filing of these motions, the 120-day period has expired and it appears from a review of the docket that Defendant Laury has still not been served at this time. Nevertheless, due to the fact that both of Defendant Laury's motions were filed prior to the 120-day period, this Court finds that

Plaintiff is entitled to notice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Defendant Laury's objection is without merit.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.

**IT IS THEREFORE ORDERED** that Defendant Laury's Motion to Dismiss, ECF No. 6, and Defendant Laury's "Motion to Dismiss for Failure to Serve," ECF No. 23, be **DENIED** *without prejudice*.

**IT IS FURTHER ORDERED** that Plaintiff be given sixty (60) days from the date of this Order within which to serve Defendant Laury.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

April  16 , 2012
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**