IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Calvin Harris<br>         Plaintiff<br>v.<br><br>LT. Dock Copeland, Officer Cathleen Laury and<br>The South Carolina Department of Corrections,<br>         Defendants | Civil Action No.:2:11-02209-GRA-BHH<br><br><br>PLAINTIFF'S<br>MOTION IN LIMINE |

TO:  DANIEL R. SETTANA, JR. ATTORNEY FOR THE DEFENDANTS

  The Plaintiff requests the Court issue an order prohibiting the Defendants from introducing any evidence and from making any reference in their opening statement, closing arguments and examination of witnesses to the effect that Lt. Dock Copeland was administered a polygraph examination and the results of the polygraph examination. The Plaintiff also requests the Court to order the Defendants to instruct their witnesses not to make any reference while testifying at trial to any polygraph examination administered to Lt. Copeland and the results of any polygraph examination.  This request is made pursuant to Fed. R. Evid. 702 and U.S. v. Prince-Oyibo, 320 F.3d 494 (4th Cir. 2003).  The Fourth Circuit has long recognized a per se rule barring the admission of polygraph evidence, including even mentioning that a witness has even taken a polygraph.

  The Plaintiff requests the Court issue an order prohibiting the Defendants from calling the administrative resolution of a prison disciplinary infraction a "conviction."  The term "conviction" carries the implication and expectation that the person was found guilty of a criminal offense by a court and was afforded the full due process protections typically afforded criminal defendants. The administrative resolution of disciplinary infractions in the prison

context are conducted by employees of the South Carolina Department of Corrections, an administrative agency of the executive branch, not by a judge and jury. These resolutions do not have the same due process protections that lay people have come to expect when a person is "convicted." The probative value of using the term "conviction" to describe the resolution of a prison disciplinary violation is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury and should be excluded under Fed. R. Evid. 403.

The Plaintiff requests the Court, pursuant to Fed. R. Evid. 403 and 404 (b), to issue an order prohibiting the Defendants from introducing evidence of prior disciplinary violations by the Plaintiff. The only purpose the Defendants could have for introducing evidence of prior wrongs or other acts by the Plaintiff is to attempt to prove the Plaintiff's character for being a bad person or a violent person and that he acted in accordance with these character traits during the incident with Lt. Copeland on April 16, 2009. There is no evidence the Plaintiff used physical force or assaulted Lt. Copeland during their April 16, 2009 encounter.

    Officer Laury testified:

    Q:    Did Harris ever use force against Lieutenant Copeland? Did he ever take a swing at him or use any kind of physical force directed against Lieutenant Copeland?

    A:    No.[1]

Lt. Copeland confirmed the Plaintiff used no physical force against him:

    Q:    And he never assaulted you?

    A:    No, sir.

    Q:    Never used any physical force against you?

    A:    No, sir.[2]

---

[1] Laury Dep. p. 26, lines 19-22 (**Exhibit 1**).
[2] Copeland Dep. p. 116, lines 10-13 (**Exhibit 2**).

Under these circumstances, there is no need to attempt to prove the Plaintiff acted in conformity with any alleged character trait or that he acted in conformity with prior alleged acts that would tend to show he was a violent person or had been violent toward Lt. Copeland in the past.

The Plaintiff requests the Court, pursuant to Fed. R. Evid. 403, to issue an order prohibiting the Defendants from introducing evidence the Plaintiff and / or Fred Flores posed a threat to Lt. Copeland. There is no evidence the Plaintiff or Fred Flores posed a threat to Lt. Copeland. Lt. Copeland testified that he did not feel threatened by the Plaintiff or Fred Flores.[3] The Warden, Robert Stevenson, testified that he did not recall that Fred Flores ever verbally threatened to assault Lt. Copeland. He also testified that there were no written threats against Lt. Copeland.[4] Under these circumstances, the probative value of any claims that the Plaintiff and / or Fred Flores posed a threat to Lt. Copeland is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and should be excluded pursuant to Fed. R. Evid. 403.

Respectfully submitted,

/s/ Glenn E. Bowens
Glenn E. Bowens, Esq. Fed. I.D. No. 9020
gbowens@bowenslawsc.com
P.O. Box 424
Winnsboro, South Carolina 29180
Phone: (803) 714-7766
Fax:    (803) 714-0775
Attorney for the Plaintiff

---

[3] Copeland Dep. p. 130, lines 7-9 (**Exhibit 2**).
[4] Stevenson Dep. p. 26, line 17 – p. 27, line 13 (**Exhibit 3**).