UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Calvin Harris, ) | C/A NO: 2:11-cv-02209-GRA-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **DEFENDANTS' MOTIONS IN LIMINE** |
| Lt. Dock Copeland, Officer Cathleen Laury ) | |
| and the South Carolina Department of ) | |
| Corrections, Broad River Road Correctional ) | |
| Institution, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

TO:   GLENN E. BOWENS, ESQUIRE, ATTORNEY FOR PLAINTIFF:

**MOTION IN LIMINE #1**

Defendants hereby move this Court in limine for an Order excluding the following evidence from the trial in this action:

To exclude any and all records, documents, testimony, or other evidence concerning Lt. Dock Copeland's employment history. This includes, but is not limited to the exclusion of employment disciplinaries, corrective actions, warnings, or personnel files. The basis for this Motion is that Lt. Dock Copeland's employment history and information contained within his SCDC personnel file are wholly irrelevant to the allegations contained within the Complaint, and consequently, are highly prejudicial and are inadmissible. Lt. Copeland has testified that he only had one or two "reprimands" in his record which had no relationship to any inmates. Additionally, he testified that he was fired from a job in the 1980s and there is no evidence in the record as to why. Thus, there is no evidence that is relevant.

Defendants rely upon Rules 401, 402 and 403 of the Federal Rules of Evidence, in

1

support of this Motion.

**MOTION IN LIMINE #2**

Defendants hereby move this Court in limine for an Order excluding the following evidence from the trial in this action:

To exclude any and all records, documents, testimony, or other evidence concerning any interactions between Lt. Dock Copeland and other inmates besides Plaintiff Calvin Harris. This includes, but is not limited to, prior disciplinaries, corrective actions, and other interactions or encounters between Lt. Dock Copeland and other inmates or alleged witnesses to this lawsuit. Other inmates will testify to their prior interactions with Lt. Copeland. This includes testimony from inmates concerning their dislike of Lt. Copeland and incidents involving Lt. Copeland and other inmates. However, any testimony from these inmates concerning their interactions with Lt. Copeland or any testimony or evidence concerning any other incidents involving other inmates and Lt. Copeland are not relevant. The basis for this Motion is that this information is wholly irrelevant to the allegations contained within the Complaint, and consequently, is highly prejudicial and is inadmissible.

Defendants rely upon Rules 401, 402 and 403 of the Federal Rules of Evidence, in support of this Motion.

**MOTION IN LIMINE #3**

Defendants hereby move this Court in limine for an Order excluding the following evidence from the trial in this action:

To exclude any and all medical evidence or medical records, other than SCDC medical records, related to or concerning any injury allegedly sustained by Plaintiff in the incident which occurred on or about April 16, 2009 and which is alleged in the Complaint. This includes

subjective diagnoses, opinions, statements, notations, or records concerning Plaintiff's injuries that have not been authenticated by a medical provider. Any such subjective diagnoses, opinions, or statements are inadmissible as hearsay statements to the extent that they have not been authenticated. However, this does not include objective tests or records concerning the Plaintiff that are not required to be authenticated or are self-authenticating. The basis for this Motion is that no medical providers have been deposed or otherwise provided testimony in this matter to support a determination of diagnosis or injury from the incident in question. As such, any subjective statements, diagnoses, or opinions have not been authenticated and are inadmissible hearsay. In the event that medical records regarding the Plaintiff's injuries he allegedly suffered as a result of the accident at issue are admitted, any diagnosis or finding of injury must be excluded as opinions and judgments which are not admissible. Defendants rely upon Rules 401, 402, 403, 801, and 802 of the Federal Rules of Evidence in support of this Motion.

## MOTION IN LIMINE #4

Defendants hereby move this Court in limine for an Order excluding the following evidence from the trial in this action:

To exclude any and all written or typed statements and/or affidavits from inmate witnesses alleged to have witnessed the incident alleged in the Complaint, except for purposes of impeachment. These documents are inadmissible hearsay, irrelevant, self-serving, and needlessly cumulative to testimony provided by these witnesses. These witnesses testified at their depositions in this case as to the facts and circumstances surrounding the incident which occurred on or about April 16, 2009 and which is alleged in the Complaint. These witnesses can testify at trial in the same manner. Therefore, the admission of any and all statements and/or

affidavits that were completed by these witnesses following the incident is wholly unnecessary, except for impeachment purposes. Defendants rely upon Rules 401, 402, 403, 607, 608, 801, and 802 of the Federal Rules of Evidence in support of this Motion.

## MOTION IN LIMINE #5

Defendants hereby move this Court in limine for an Order excluding the following evidence from the trial in this action:

To exclude any and all evidence or regarding either the Plaintiff or inmate Fred Flores, #173599, being placed in lockup more than a month after the incident which occurred on or about April 16, 2009 and which is alleged in the Complaint. The basis for this Motion is that Plaintiff has not alleged any cause of action in his Complaint concerning or related to being placed in lockup. The causes of action listed in Plaintiff's Amended Complaint are as follows: (1) excessive use of force in violation of 42 U.S.C. § 1983; (2) assault; (3) battery; and (4) gross negligence. Plaintiff's and inmate Fred Flores' placement in lockup months after the incident in question is completely irrelevant to the current action, not related to this incident, and inadmissible.

Defendants rely upon Rules 401, 402, and 403 of the Federal Rules of Evidence in support of this Motion.

## MOTION IN LIMINE #6

Defendants hereby move this Court in limine for an Order excluding the following evidence from the trial in this action:

To exclude witness Anthony Riggins and any and all corresponding documents or other evidence concerning or related to Anthony Riggins. On January 8, 2013, counsel for Defendants received Plaintiff's Second Supplemental Answers to Defendants' First Set of Interrogatories

and Plaintiff's Third Supplemental Responses to Defendants' First Set of Requests for Production of Documents. *See* Exhibit A.  Included with these discovery responses was the name of a new alleged witness, Anthony Riggins, along with documents labeled Harris 071-089. However, according to the Fourth Amended Scheduling Order which currently governs this action, discovery was complete on November 8, 2012. (ECF No. 90).  As such, Plaintiff has failed to comply with the current scheduling order and the aforementioned discovery responses and corresponding documents are untimely, irrelevant, prejudicial, and therefore, inadmissible. Counsel for Defendants note that on Friday, November 9, 2012, one day after the discovery deadline passed, photographs of the Plaintiff were discovered for the first time.  Subsequently, on Tuesday, November 13, 2012 (Monday, November 12, 2012 was Veteran's Day), these photographs were sent to Plaintiff's counsel under an abundance of caution and without delay. *See* Letter from Defense Counsel to Plaintiff's Counsel (attached hereto as Exhibit B).  It is the Defendant's position that the use of these photographs is up to the Plaintiff and that, as previously stated to Plaintiff's counsel, Defendants consent to any further discovery on the photos.  This, however, was an exceptional circumstance.  Such is not the current situation with Plaintiff's most recent discovery responses.  In fact, these discovery responses were received on January 8, 2013 – the same day that Rule 26(a)(3) Pretrial Disclosures were due in this action. As such, witness Anthony Riggins was untimely identified and any corresponding documents related to Anthony Riggins, along with the documents produced by Plaintiff and labeled as Harris 071-089 were untimely produced.  Therefore, they are irrelevant, prejudicial, and inadmissible.

Defendants rely upon Rules 401, 402, and 403 of the Federal Rules of Evidence, as well as Rule 16 of the Federal Rules of Civil Procedure and Local Civil Rule 16.02 in support of this

Motion.

## MOTION IN LIMINE #7

Defendants hereby move this Court in limine for an Order excluding the following evidence from the trial in this action:

To exclude any and all witnesses named by Plaintiff subsequent to the Court's discovery deadline of November 8, 2012 and not included in Plaintiff's reduced and agreed upon Witness List sent to defense counsel on April 22, 2012. *See* Exhibit C. The basis for this Motion is that on April 9, 2012, counsel for both parties entered into an agreement related to Motions to Compel filed by both parties. *See* Exhibit D. Pursuant to this agreement, Plaintiff was to provide an updated witness list that was to be reduced to the witnesses which were relevant to the incident in question and to this case. *Id.* Also, it was agreed that both parties had the right to supplement this list with additional witnesses at a later date, should it be necessary. *Id.* On April 9, 2012, Plaintiff's counsel responded to defense counsel by stating, "I think that accurately summarizes our agreement." *See* Exhibit E. On April 22, 2012, Plaintiff's counsel sent defense counsel Plaintiff's reduced Witness List via electronic mail. *See* Exhibits F and G. This accurately reflected Plaintiff's list of witnesses to this case, replacing Plaintiff's initial witness list included in Plaintiff's Answers to Defendants' First Set of Interrogatories. *See* Exhibit H. This also reflects the only witnesses named by Plaintiff from April 22, 2012 until the Court's discovery deadline on November 8, 2012. Pursuant to, and in reliance upon this discovery response, the Defendants deposed all known inmate witnesses. On January 8, 2013, in his Rule 26(a)(3) Pre-Trial Disclosures, Plaintiff named at least thirteen (13) new, additional witnesses, including inmates Ira Belisle, Robert Hinton, Johnny Suttles, Michael Carnes, Darren Jackson, Sherwin McFadden, Jeff Boys, George Hilopolis, Wardell Paterson, Walter Carson, Nathaniel

Rouse, Keith Canty, and J. Belue. (ECF No. 111). Defendants never had a chance to depose these new, additional inmate witnesses. None of these witnesses were included in Plaintiff's April 22, 2012 Witness List. As such, all witnesses named by Plaintiff after the Court's discovery deadline of November 8, 2012 and not reflected in Plaintiff's Witness List sent to defense counsel on April 22, 2012 are inadmissible as irrelevant, untimely and improperly identified.

Defendants rely upon Rules 401, 402, and 403 of the Federal Rules of Evidence, as well as Rule 16 of the Federal Rules of Civil Procedure and Local Civil Rule 16.02 in support of this Motion.

**MOTION IN LIMINE #8**

Defendants Lt. Dock Copeland and the South Carolina Department of Corrections ("Defendants") hereby move this Court in limine for an Order excluding the following evidence from the trial in this action:

To exclude any and all documents and SCDC policies marked "confidential" by Defendants. These documents and policies are restricted by the South Carolina Department of Corrections ("SCDC"), and were produced only pursuant to an Agreement Relating to the Production of Confidential Materials ("Confidentiality Agreement") entered into by the parties on June 13, 2012.

The documents covered by the Confidentiality Agreement include SCDC records related to inmate Fred Flores, #173599. These materials contain information that is private and/or highly sensitive. Pursuant to the Confidentiality Agreement, the above documents are not to be discussed, shown, or provided in any way to the Plaintiff, or any other witness or deponent incarcerated within the SCDC. The documents were marked "CONFIDENTIAL" because

7

disclosing these materials to Plaintiff or any other inmate of the SCDC, or introducing these materials in open court, or any testimony concerning the content of these materials in open court, could jeopardize the safety and security of the officers (including the Defendants), staff, and inmates within the SCDC, and could impede on their ability to maintain proper order within SCDC's institutions.  Furthermore, SCDC records on inmate Fred Flores contain certain personal information that, if disclosed to Plaintiff or outside parties, could violate the provisions of HIPPA.

Additionally, the policies covered by the Confidentiality Agreement include SCDC Policy Number OP-22.01, entitled "Use of Force."  These policies contain information that is highly sensitive in nature and directly involve the security of the SCDC and its institutions, including Broad River Correctional Institution.  Pursuant to the Confidentiality Agreement, the above policies are not to be discussed, shown, or provided in any way to the Plaintiff, or any other witness or deponent incarcerated within the SCDC.  The policies were marked "CONFIDENTIAL" because disclosing these to Plaintiff or any other inmate of the SCDC, or introducing these materials in open court, or any testimony concerning the content of these materials in open court, could jeopardize the security of the institution, as well as the safety and security of the officers (including the Defendants), staff, and inmates within the SCDC, and could impede on their ability to maintain proper order within SCDC's institutions.  Specifically, SCDC Policy Number OP-22.01, "Use of Force," is a restricted policy and cannot be accessed without the permission of SCDC.  It is a restricted policy and cannot be disseminated to Plaintiff or any other inmate because any knowledge of the policy and its contents could be used by Plaintiff or any other inmate to tailor their actions to the Use of Force policy.  As such, it jeopardizes the security of the institution and its officers and their ability to enforce the policy

and maintain proper order within the institution. If the Court so requests, Defendants will provide these policies for in-camera review pursuant to the Federal Rules of Civil Procedure.

Defendants further object to the use of these documents and policies, or any information contained within those documents and policies, as irrelevant and cumulative to testimony that could be obtained through the witnesses in this case.

In the alternative, Defendants move pursuant to the Confidentiality Agreement entered into by the parties in this action to exclude Plaintiff Calvin Harris, #313035, and any and all other current SCDC inmates, from the courtroom during any testimony regarding the content of any and all documents and policies marked "confidential." Defendants further move pursuant to the Confidentiality Agreement to prevent Plaintiff Calvin Harris, #313035, and any and all other current SCDC inmates from being shown or provided any documents and policies marked "confidential" in any way.

Defendants rely upon Rules 401, 402 and 403 of the Federal Rules of Evidence, as well as the Agreement Relating to the Production of Confidential Materials by Defendants entered into by the parties in this case, in support of this Motion.

> Respectfully submitted,
>
> */s/Daniel R. Settana, Jr.*
> Daniel R. Settana, Jr., FED ID #6065
> Brandon Paul Jones, FED ID #10884
> McKay, Cauthen, Settana & Stubley, P.A.
> 1303 Blanding Street (29201)
> P.O. Drawer 7217
> Columbia, SC 29202
> Tel: (803) 256-4645

Columbia, South Carolina            Fax: (803) 765-1839
January 8, 2013                     Attorneys for Defendants