UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Calvin Harris, ) | |
| ) | C/A No.: 2:11-cv-02209-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Lt. Dock Copeland, Officer Cathleen ) | |
| Laury and the South Carolina ) | |
| Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on Defendants' motions *in limine* filed on January 8, 2013 which seek to: (1) "exclude any and all records, documents, testimony, or other evidence concerning Lt. Dock Copeland's employment history"; (2) "exclude any and all records, documents, testimony, or other evidence concerning any interactions between Lt. Dock Copeland and other inmates besides Plaintiff Calvin Harris"; (3)"exclude any and all medical evidence or medical records, other than SCDC medical records, related to or concerning any injury allegedly sustained by Plaintiff in the incident"; (4) "exclude any and all written or typed statements and/or affidavits from inmate witnesses alleged to have witnessed the incident alleged in the Complaint, except for purposes of impeachment"; (5) "exclude any and all evidence regarding either the Plaintiff or inmate Fred Flores, #173599, being placed in lockup more than a month after the incident"; (6) "exclude witness Anthony Riggins and any and all corresponding documents or other evidence concerning or related to Anthony Riggins"; (7) "exclude any and all witnesses named by Plaintiff subsequent to the Court's discovery deadline of November 8, 2012 and not included in Plaintiff's

reduced and agreed upon Witness List sent to defense counsel on April 22, 2012"; and (8) "exclude any and all documents and SCDC policies marked 'confidential' by Defendants." ECF No. 114. Plaintiff filed a Response in Opposition to the motions *in limine* on January 25, 2013. ECF No. 117. Defendants filed a reply to Plaintiff's response on February 4, 2013. ECF No. 120.

## Background

Plaintiff, an inmate at Broad River Correctional Institution ("BRCI"), states in his Amended Complaint that he was issued an "order to report" authorizing him to report to David E. Holcombe in the education building every day between April 13 and April 17, 2009. ECF No. 11. During this time, Plaintiff claims that Lt. Copeland continually harassed him and sometimes prevented him from reporting. *Id.* Plaintiff reported this harassment to several officials at BRCI, and Lt. Copeland was aware of Plaintiff's complaints. *Id.*

Plaintiff alleges that on April 16, 2009, Lt. Copeland and Officer Laury came to Plaintiff's cell, where Lt. Copeland demanded that Plaintiff turn over the "order to report." *Id.* During this encounter, Plaintiff contends that Lt. Copeland used profanity towards him and threatened to keep him locked in his cell without food for three weeks and "feed him with bag meals until he starved." *Id.* Plaintiff further alleges that when he refused to turn over the order to report, Lt. Copeland told him to put all of his belongings in a pillowcase so that Plaintiff could be placed in a "lock up" cell. *Id.* Plaintiff claims that when he asked for an explanation of what was happening, Lt. Copeland pushed him out of the cell and attempted to push him down a flight of concrete stairs. *Id.* Plaintiff states that he was able to grasp the stair rail and avoid

falling down the stairs, but Lt. Copeland then placed him in a headlock, threw him on the floor, choked him, struck him three times to the back of the head with a gas canister, and twisted his right arm causing it to dislocate and fracture. *Id.* Plaintiff asserts that during this incident, Plaintiff called out to Officer Laury for help but Officer Laury refused to intervene. *Id.* Plaintiff then claims that Lt. Copeland began dragging him towards the stairs where Plaintiff was once again able to grab the stair rail. *Id.* Plaintiff states that after this, Lt. Copeland allowed Plaintiff to walk down the stairs and then placed Plaintiff in "lock up" without notifying medical personnel. *Id.* Plaintiff claims that Officer Laury came to the "lock up" cell later and, at that time, notified the shift supervisor and medical authorities. *Id.* Plaintiff's Amended Complaint says that Plaintiff was transferred to the infirmary at Kirkland Correctional Institution where he was hospitalized overnight, and that he later underwent surgery on his right shoulder and several weeks of physical therapy. *Id.*

Plaintiff's Amended Complaint asserted causes of action for excessive use of force in violation of 42 U.S.C. § 1983, as well as causes of action for assault, battery, and gross negligence. *Id.* The parties agreed to strike BRCI from the pleadings and dismiss the action against it, and further agreed to substitute the South Carolina Department of Corrections ("SCDC") in place of BRCI. ECF No. 42. This Court has since issued one order denying two separate motions to dismiss by Officer Laury. ECF No. 76. This Court has then issued another order denying another motion to dismiss by Officer Laury as well as granting in part and denying in part a Motion for Summary Judgment by all Defendants, specifically granting the motion for summary judgment as to Plaintiff's state law claims including assault, battery, and gross

negligence but denying the motion for summary judgment as to Plaintiff's federal claim under 42 U.S.C. § 1983. ECF No. 132.

## Discussion

Defendants make eight requests in their filing before the Court. ECF No. 114. The Court shall deal with each motion *in limine* separately.

Defendants' First Motion *in Limine*

Defendants, in their first motion *in limine*, move this Court to issue an order excluding "any and all records, documents, testimony, or other evidence concerning Lt. Dock Copeland's employment history." ECF No. 114. This would include, among other things, "employment disciplinaries, corrective actions, warnings, or personnel files." *Id.* Defendants argue that these are irrelevant to the instant action as Lt. Copeland has testified that he only has "one or two 'reprimands' in his record which had no relationship to any inmates." *Id.* Defendants base their objection on Fed. R. Evid. 401 which states the test for relevancy, Fed. R. Evid. 402 which states that relevant information is otherwise admissible unless specifically prohibited, and Fed. R. Evid. 403 which prohibits the admission of evidence when the probative value is substantially outweighed by dangers of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 401–403; ECF No. 114.

Plaintiff's response to Defendants' first motion *in limine* argues that the request is overly broad as it seeks to exclude "any and all" evidence of Lt. Copeland's employment history. ECF No. 117. Plaintiff believes that Defendants should identify specific evidence that they seek to exclude. *Id.* Plaintiff also believes that

Defendants will introduce evidence of Lt. Copeland's work record in an attempt to show that Lt. Copeland is a good corrections officer, and Plaintiff asserts that he should be allowed to present evidence contradicting that assessment. *Id.*

Based on the filings of both parties, it appears that Defendants' first motion *in limine* should not be granted as Defendants' request to exclude "any and all records, documents, testimony, or other evidence concerning Lt. Dock Copeland's employment history" is simply too broad. While much of this evidence may be irrelevant and therefore inadmissible to the present case, the Court is not prepared to say that all of this information is not relevant and admissible under the Rules. *See* Fed. R. Evid. 401 & 402. At trial, Plaintiff may be able to persuade this Court that certain information in Lt. Copeland's SCDC personnel file is relevant to the present action. Additionally, it is not clear that admitting information of the type that Defendants seek to exclude would be substantially more prejudicial than it is probative, if the Plaintiff is first able to establish that the information is in fact relevant. *See* Fed. R. Evid. 403. Therefore, Defendants' first motion *in limine* is DENIED.

Defendants' Second Motion *in Limine*

Defendants, in their second motion *in limine*, move this Court to issue an order excluding "any and all records, documents, testimony, or other evidence concerning any interactions between Lt. Dock Copeland and other inmates besides Plaintiff Calvin Harris." ECF No. 114. This would include, among other things, "prior disciplinaries, corrective actions, and other interactions or encounters between Lt. Dock Copeland and other inmates or alleged witnesses to this lawsuit." *Id.* Defendants anticipate that other inmates will testify to prior interactions with Lt.

Copeland and their dislike of Lt. Copeland. *Id.* Defendants base their second motion *in limine* on the belief that the information is both irrelevant and highly prejudicial. Fed. R. Evid. 401–403; ECF No. 114.

Plaintiff's response to Defendants' second motion *in limine* argues that Defendants' request is overly broad as it seeks to exclude "any and all" evidence of interactions between Lt. Copeland and other inmates. ECF No. 117. Plaintiff asserts that Defendants should identify specific inmates and interactions that should be excluded. *Id.* Plaintiff also contends that evidence of Lt. Copeland's conduct and interaction with other inmates may be relevant to the instant litigation and therefore admissible. *Id.* Specifically, Plaintiff believes that Lt. Copeland's interactions with Fred Flores may be relevant and admissible as Fred Flores may have been involved in the incident giving rise to this lawsuit and may have fraudulently obtained the Order to Report. *Id.*

Based on the filings of both parties, it appears that Defendants' first motion *in limine* should not be granted as Defendants' request to exclude "any and all records, documents, testimony, or other evidence concerning any interactions between Lt. Dock Copeland and other inmates besides Plaintiff Calvin Harris" is too broad. While many of these interactions are likely to be irrelevant to the present case and therefore inadmissible, it appears that some of this evidence may be relevant and otherwise admissible, particularly evidence of interactions involving Fred Flores who may have been directly involved in the events surrounding the incident in question. *See* Fed. R. Evid. 401 & 402. Additionally, it is not clear that admitting otherwise admissible evidence of these interactions would be substantially more prejudicial than it is

probative.  *See* Fed. R. Evid. 403.  Therefore, Defendants' second motion *in limine* is DENIED.

Defendants' Third Motion *in Limine*

Defendants, in their third motion *in limine*, move this Court to issue an order excluding "any and all medical evidence or medical records, other than SCDC medical records, related to or concerning any injury allegedly sustained by Plaintiff" during the April 16, 2009 incident.  ECF No. 114.  This would include "subjective diagnoses, opinions, statements, notations, or records concerning Plaintiff's injuries that have not been authenticated by a medical provider."  *Id.*  However, this would not include "objective tests or records" that are self-authenticating or do not require authentication.  *Id.*  Defendants' basis for this objection is that "no medical providers have been deposed or otherwise provided testimony," thus making these records inadmissible hearsay.  *Id.*  Defendants further argue that if these medical records are admitted, then "any diagnosis or finding of injury" should be excluded as inadmissible "opinions and judgments."  *Id.*  Defendants believe this evidence is irrelevant, substantially more prejudicial than probative, and inadmissible hearsay.  Fed. R. Evid. 401–403, 801 & 802; ECF No. 114.

Plaintiff's response to Defendants' third motion *in limine* argues that Defendants' motion is overly broad because it seeks to exclude "any and all" medical records, other than SCDC medical records, concerning the Plaintiff's alleged injuries. ECF No. 117.  Plaintiff asserts that Defendants should identify the specific evidence that they seek to have this Court exclude at trial.  *Id.*  Plaintiff alleges in his complaint that Lt. Copeland physically injured him, and he brings to this Court's attention that

Defendants have admitted Plaintiff was injured on April 16, 2009, but was not injured when Lt. Copeland initially came to Plaintiff's cell. *Id.*; ECF No. 117-1. Plaintiff also notes that Defendants have admitted that Lt. Copeland used force against Plaintiff. ECF Nos. 117 & 117-1. Although Defendants do not object to SCDC medical records, Plaintiff argues that all medical records should be admissible because Defendants were in charge of and arranged Plaintiff's medical car; thus the facts in this case indicate these records are relevant. ECF No. 117. Additionally, Plaintiff claims that Defendants are mistaken in their assertion that "no medical providers have been deposed," because "at least four medical providers have been deposed." *Id.* Finally, Plaintiff suggests that statements of the declarant's then-existing physical condition as well as statements made for the purpose of receiving medical diagnosis and treatment are admissible. Fed. R. Evid. 803(3)–(4).

Defendants, in their reply to Plaintiff's response, argue that the motion is merely seeking to exclude "references in Plaintiff's medical records concerning any alleged assault from the incident in question" as these statements were not made for the purpose of receiving medical treatment and were not relied upon by treating physicians. Fed. R. Evid. 803(4); ECF No. 120. Defendants reiterate that they are "not seeking to exclude objective tests or records" which do not require authentication or are otherwise self-authenticating. ECF No. 120. Defendants claim they only seek to exclude "subjective diagnoses, opinions, statements, notations, or other evidence" including references to an assault on the Plaintiff. *Id.* Defendants also seek the exclusion of "outside medical records and medical evidence" regarding the alleged

injuries because medical providers have not testified as to "diagnoses" of the alleged injuries, and therefore this evidence is inadmissible hearsay. *Id.*

Based on the filings of both parties, it appears that Defendants' third motion *in limine* should not be granted as Defendants' request to exclude "any and all medical evidence or medical records, other than SCDC medical records, related to or concerning any injury allegedly sustained by Plaintiff" is simply too broad. While much of this evidence may be irrelevant and thus inadmissible in the present case, the Court is not prepared to order all of this information irrelevant or inadmissible because hearsay exclusions may apply. *See* Fed. R. Evid. 401, 402 & 803. This Court expects full compliance with the Federal Rules of Evidence at trial, and will make the appropriate rulings on the admission of evidence accordingly. Therefore, Defendants' third motion *in limine* is DENIED.

Defendants' Fourth Motion *in Limine*

Defendants, in their fourth motion *in limine*, move this Court to issue an order excluding "any and all written or typed statements and/or affidavits from inmate witnesses alleged to have witnessed the incident alleged in the Complaint, except for purposes of impeachment." Fed. R. Evid. 607 (stating that any party may impeach a witness); Fed. R. Evid. 608 (concerning evidence of a witness's character for truthfulness or untruthfulness); ECF No. 114. Defendants argue that these documents are "inadmissible hearsay, irrelevant, self-serving, and needlessly cumulative to testimony provided by these witnesses" at their depositions and the testimony that these witnesses may provide at trial. Fed. R. Evid. 401, 402, 801 & 802; ECF No. 114.

Plaintiff's response states that he "does not foresee any reason for using affidavits of inmate witnesses for any purpose other than impeachment or as otherwise allowed" under the applicable evidentiary and procedural rules. ECF No. 117.

Based on the filings of both parties, it appears that Defendants' fourth motion *in limine* should not be granted as Defendants do not object to Plaintiff's use of these affidavits for impeachment purposes. Both parties are reminded that this Court determines whether evidence is admissible, and this Court will rule on the evidence as presented at trial. Therefore, Defendants' fourth motion *in limine* is DENIED.

Defendants' Fifth Motion *in Limine*

Defendants, in their fifth motion *in limine*, move this Court to issue an order excluding "any and all evidence regarding either the Plaintiff or inmate Fred Flores, #173599, being placed in lockup more than a month after the incident" which forms the crux of this lawsuit. ECF No. 114. Defendants' basis for this motion is that Plaintiff has not alleged any cause of action "concerning or related to being placed in lockup," and the placement of Plaintiff and Fred Flores in lockup is irrelevant and unrelated to the incident at issue. Fed. R. Evid. 401–403; ECF No. 114.

Plaintiff's response to Defendants' fifth motion *in limine* argues that this motion is overly broad as it seeks to exclude "any and all" evidence concerning Plaintiff and Fred Flores being placed in lockup following the April 16, 2009 incident. ECF No. 117. Plaintiff asserts that Defendants should identify specific evidence that they seek to exclude. *Id.* Plaintiff contends that evidence relating to him and Fred Flores being placed in lockup and the reason for the placement is relevant to the current case. *Id.*

Plaintiff alleges that he and Fred Flores were never charged with any disciplinary violations and that a disciplinary hearing was not held within thirty days of being placed in lockup. *Id.*; ECF No. 117-1. Plaintiff alleges that the placement in lockup was to "harass them and intimidate them into dropping the claims." ECF No. 117. Plaintiff states that he was trying to retain an attorney when he was placed in lockup, and that he was told the placement in lockup was because "they found a letter written to an attorney" and "he needed to lay down for a while so that he could cool down and reconsider mailing the letter." *Id.* Plaintiff argues his placement in lockup was a retaliatory response to his attempt at writing an attorney and bringing suit over the assault. *Id.* Additionally, Plaintiff claims the lockup of Fred Flores was due to Fred Flores' role as the Wateree Dorm's representative on the Inmate Representative Committee and submission of reports to BRCI officials regarding the alleged incident. *Id.* Plaintiff asserts that Fred Flores was harassed because of these reports. *Id.* In addition, Plaintiff directs this Court's attention to the Warden's testimony that Plaintiff and Fred Flores were released from lockup "because the writings stopped and the tone stopped." *Id.*; ECF No. 117-3. Finally, Plaintiff alleges that he was unable to make phone calls while in lockup as a direct result of Defendants disabling his "Pin #" used to make phone calls, in violation of Plaintiff's right to seek and consult with legal counsel. ECF No. 117.

Defendants, in their reply to Plaintiff's response, restate their assertion that the evidence surrounding Plaintiff's and Fred Flores' lockup is irrelevant. ECF No. 120; *see* Fed. R. Evid. 401 & 402. Defendants suggest the evidence concerning the

lockup has nothing to do with Plaintiff's allegations that Defendants used excessive force. ECF No. 120; *see* Fed. R. Evid. 401 & 402.

Based on the filings of both parties, it appears that Defendants' fifth motion *in limine* should not be granted as Defendants' request to exclude "any and all evidence" concerning Plaintiff or Fred Flores being placed in lockup is overly broad. This Court is not prepared to order at this time that all evidence relating to the lockup is irrelevant and therefore inadmissible. Plaintiff's allegations indicate that he may be able to show the lockup's relevance and probative value at trial. *See* Fed. R. Evid. 401–403. Therefore, Defendants' fifth motion *in limine* is DENIED.

Defendants' Sixth Motion *in Limine*

Defendants, in their sixth motion *in limine*, move this Court to issue an order excluding "witness Anthony Riggins and any and all corresponding documents or other evidence concerning or related to Anthony Riggins." ECF No. 114. Defendants base this request on Plaintiff's failure to comply with the Fourth Amended Scheduling Order indicating that discovery was to be completed by November 8, 2012, making the "discovery responses and corresponding documents" mentioning Anthony Riggins "untimely, irrelevant, prejudicial, and therefore inadmissible." *Id.* Defendants allege that discovery responses from Plaintiff involving Anthony Riggins were not received until January 8, 2013, and Anthony Riggins was therefore untimely identified and documents relating to him were untimely produced. *Id.* Defendants also object to documents produced by Plaintiff, which were labeled Harris 71–89, as untimely produced. *Id.* Defendants assert that these documents are irrelevant, that their probative value is substantially outweighed by their prejudice, and that they violate

the pretrial conference and scheduling order. Fed. R. Evid. 401–403; Fed. R. Civ. P. 16; Local Civil Rule 16.02 DSC (stating that "witnesses who are not timely identified may be excluded").

Plaintiff's response to Defendants' sixth motion *in limine* argues that this request is overly broad as it seeks to exclude "any and all" evidence concerning Anthony Riggins. ECF No. 117. Plaintiff believes that Defendants should identify specific evidence that they seek to exclude. *Id.* Plaintiff states that the only document Defendants seek to exclude relating to Anthony Riggins is Harris 71, a typed Order to Report issued to Anthony Riggins requiring him to report for several days. *Id.* Plaintiff anticipates using this Order to Report as rebuttal and impeachment evidence if Defendants assert at trial that Plaintiff's Order to Report was forged, fraudulent, or otherwise invalid on the basis that Plaintiff's Order to Report was typed and for multiple days. *Id.* Plaintiff also argues that the documents labeled Harris 72–76 and Harris 81–89 are exhibits to depositions that were produced on October 3, 2012 and therefore are timely produced, even though they are not bates labeled. *Id.* Plaintiff claims that the documents labeled Harris 77–80 are part of a letter from Fred Flores to Michael Strobe, Branch Chief of Classification and Inmate Records, and were provided to Defendants. *Id.* Plaintiff does not anticipate using these documents because Fred Flores will testify at trial regarding the contents, but Plaintiff seeks to reserve his right to use these documents if Defendants claim at trial that Fred Flores did not report this information to SCDC officials. *Id.*

Defendants, in their reply to Plaintiff's response, argue that Anthony Riggins is not a witness to the incident in question. ECF No. 120. Additionally, Defendants

argue that any evidence or documents relating to Anthony Riggins is untimely produced under the scheduling order. *Id.* Defendants seek to exclude the Order to Report issued to Anthony Riggins as it "was issued to an inmate unrelated to this action and allegedly nearly three and a half years after the incident in question." *Id.* Defendants claim that there is no testimony authenticating the Order to Report or showing that it was prepared or authorized by a SCDC employee. *Id.*

Based on the filings of both parties, it appears that Defendants' sixth motion *in limine* should not be granted as Defendants' request to exclude "any and all corresponding documents or other evidence concerning or related to Anthony Riggins" is overly broad. While Anthony Riggins is not a witness to the incident forming the basis of this lawsuit, and although the Order to Report issued to Anthony Riggins was issued a significant amount of time after the incident in question, Plaintiff has the ability at trial to prove the relevancy and admissibility of the evidence involving Anthony Riggins. Additionally, it is not clear from the filings that all of the evidence relating to Anthony Riggins was untimely as Plaintiff claims that many of the documents were either exhibits to timely produced depositions or part of a letter which was timely produced. This Court welcomes arguments relating to these documents at trial should the issue of admissibility arise. Therefore, Defendants' sixth motion *in limine* is DENIED.

<u>Defendants' Seventh Motion *in Limine*</u>

Defendants, in their seventh motion *in limine*, move this Court to issue an order excluding "any and all witnesses named by Plaintiff subsequent to the Court's discovery deadline of November 8, 2012 and not included in Plaintiff's reduced and

agreed upon Witness List sent to defense counsel on April 22, 2012." ECF No. 114. Defendants state that both parties entered into an agreement on April 9, 2012 where Plaintiff would provide an updated witness list which could be supplemented if necessary. *Id.*; ECF Nos. 114-4 & 114-5. Plaintiff sent an updated list on April 22, 2012 and no witnesses were added by the discovery deadline of November 8, 2012. ECF Nos. 114 & 114-8. Defendants then claim that Plaintiff named at least thirteen additional witnesses on January 8, 2013 in the pre-trial disclosures. ECF No. 114; *see* Fed. R. Civ. P. 26(a)(3). Defendants argue that they were not given a chance to depose these additional inmate witnesses as they were not included in the April 22, 2012 witness list. ECF No. 114. Defendants claim that these witnesses are irrelevant, substantially more prejudicial than probative, and in violation of the scheduling order. Fed. R. Evid. 401–403; Fed. R. Civ. P. 16; Local Civil Rule 16.02 DSC.

Plaintiff's reply argues that Anthony Riggins was the only witness identified after discovery concluded on November 8, 2012. ECF No. 117. Plaintiff claims that all of the witnesses identified in the pre-trial disclosures were previously identified in Plaintiff's answers to Defendants' first interrogatory request, which Plaintiff provided on January 18, 2012, and in Plaintiff's supplemental answers to interrogatories on February 23, 2012. *Id.* Plaintiff claims that all but one of these witnesses are inmates who will testify about their knowledge of the incident and Plaintiff's injuries. *Id.* Plaintiff asserts that he identified 165 witnesses in his answer to Defendants' interrogatory, and only after Defendants claimed they could not deal effectively with this many witnesses did Plaintiff provide a reduced list of relevant witnesses. *Id.*

Plaintiff claims that it was never agreed that the reduced list would replace the 165 witnesses initially identified. *Id.* Plaintiff states that these witnesses are not irrelevant, and were not untimely identified as they were identified on January 18, 2012. *Id.* Plaintiff argues that Defendants' claim regarding the lack of an opportunity to depose these witnesses is without merit since these witnesses were made known to Defendants on January 18, 2012. *Id.* Furthermore, Plaintiff claims that Defendants did not even depose all of the witnesses identified on the shortened witness list. *Id.*

Defendants, in their reply to Plaintiff's response, assert that they sent Plaintiff an interrogatory requesting the names and addresses of persons known to be witnesses according to the procedures of Fed. R. Civ. P. 33,. ECF No. 120; *see* ECF No. 114-8. Plaintiff responded with a list of 165 names, to which Defendants requested Plaintiff provide a list of the witnesses that provided written or recorded statements. ECF Nos. 120 & 120-2. Defendants then filed a Motion to Compel regarding this witness list. Fed. R. Civ. P. 37; Local Civil Rule 37.01 DSC; ECF Nos. 49 & 120. Defendants argue that it was to resolve this Motion to Compel that Plaintiff provided the updated witness list and that the updated witness list was to replace the original list of 165 individuals. ECF No. 120. Defendants agreed to withdraw the Motion to Compel after Plaintiff provided the amended witness list. *Id.*; *see* ECF No. 69. Defendants object to Plaintiff's claim that the new witness list was not intended to replace the previous list, as this would mean that the Motion to Compel had no purpose. ECF No. 120. Defendants also object to Plaintiff's claim that Defendants did not depose all the witnesses identified. *Id.* Defendants state that they "deposed all <u>currently known</u> inmate witnesses" but did not depose the remaining individuals

because the non-inmate witnesses, "with the exception of two outside medical providers, are or were employees of Defendant SCDC, and there is no reason for the SCDC to depose its own employees." *Id.* Finally, Defendants argue that if Plaintiff's claims were true, then all 165 individuals originally named would be subject to call for testimony at trial. *Id.* Defendants request a hearing on this matter due to the "contentious nature of Plaintiff's Witness List and because Defendants cannot adequately prepare for the trial . . . without first knowing whether such witnesses will be excluded." *Id.*

Based on the filings of both parties, it appears that Defendants' seventh motion *in limine* should be granted. Defendants sent interrogatories to Plaintiff which included a request of names and addresses of persons believed to be witnesses. ECF No. 49-1. After Defendants sent Plaintiff a letter stating that the discovery request was overdue, Plaintiff then provided Defendants with a list of 165 names without addresses or distinctions among the names. ECF Nos. 49-3 & 49-5. Defendants filed a Motion to Compel specifically objecting to Plaintiff's list of 165 names. ECF No. 49. In his response to this Motion to Compel, Plaintiff argued that his list of names was sufficient. ECF No. 54. Defendants filed a reply to Plaintiff's response arguing that the list of 165 names was not a sufficient answer to their interrogatory request because Plaintiff's witness list left Defendants unable to distinguish "between those witnesses who have essential knowledge of the facts and circumstances alleged in the Complaint, and those that do not." ECF No. 57. Defendants then withdrew their Motion to Compel before a hearing was held because the parties reached an agreement. ECF No. 69 & 114-5. Plaintiff subsequently filed

an updated witness list identifying 38 individuals, which included only six inmates. ECF No. 114-3. Pursuant to Fed. R. Civ. P. 33, Plaintiff was required to supplement this witness list with additional witnesses as he became aware of them. Fed. R. Civ. P. 33. It appears Plaintiff never mentioned the original 165 witnesses again until January 8, 2013 during pre-trial disclosures. ECF No. 111; *see* Fed. R. Civ. P. 26(a)(3). Because Plaintiff had sufficient time to determine whether additional witnesses were relevant to the case and did not take the appropriate steps to add these witnesses to the witness list, they will be excluded as not timely identified. *See* Local Civil Rule 16.02(D)(2) ("Witnesses who are not timely identified may be excluded."). Therefore, Defendants' seventh motion *in limine* is GRANTED.

Defendants' Eighth Motion *in Limine*

Defendants, in their eighth and final motion *in limine*, move this Court to issue an order excluding "any and all documents and SCDC policies marked 'confidential' by Defendants." ECF No. 114. Defendants argue that these documents were only produced under an Agreement Relating to the Production of Confidential Materials ("Confidentiality Agreement") entered into by the parties on June 13, 2012. *Id.* Defendants contend that the Confidentiality Agreement provides that these documents, including SCDC records relating to inmate Fred Flores, are not to be provided to Plaintiff or anyone else incarcerated within the SCDC. *Id.* Defendants argue that testimony concerning these materials or the exposure of these materials in open court would threaten the safety of officers and staff within the SCDC. *Id.* Additionally, Defendants asserts that the records on inmate Fred Flores contain personal information, which if disclosed could violate provisions of HIPPA. *Id.*

Moreover, Defendants state that these confidential documents include SCDC Policy Number OP-22.01, titled "Use of Force," which is highly sensitive information and directly relates to the security of the SCDC and SCDC institutions. *Id.* Defendants state that this Use of Force policy is a restricted policy and "cannot be accessed without the permission of SCDC." *Id.* Defendants assert that they will provide any requested confidential policies for *in camera* review if this Court requests, or in the alternative, ask that Plaintiff and other current SCDC inmates be excluded from the courtroom during testimony regarding these documents and that Plaintiff and other current SCDC inmates not be shown or provided documents marked as Confidential Information. *Id.* Finally, Defendants argue that all Confidential Information in these documents is irrelevant and would be cumulative to witness testimony. Fed. R. Evid. 401–403; ECF No. 114.

Plaintiff objects to Defendants' eighth motion *in limine* by asserting that the Confidentiality Agreement does not render inadmissible the documents marked confidential. ECF No. 117. Plaintiff requests that this Court review the documents *in camera* before making a final ruling on admissibility. *Id.* Plaintiff also objects to the Defendants seeking to exclude the SCDC Use of Force policy. *Id.* Plaintiff expects Defendants to claim that Lt. Copeland reasonably used force against him, and Plaintiff argues that it would prejudice his case if this Court did not admit the Use of Force policy. *Id.* Plaintiff believes this policy is directly relevant to the case and his claim that Lt. Copeland did not use legitimate force. Fed. R. Evid. 401 & 402; ECF No. 117.

Based on the filings of both parties, it appears that Defendants' eighth motion *in limine* should not be granted. Defendants' request to exclude all confidential materials is not proper at this time as certain materials covered by the Confidentiality Agreement may be relevant and necessary to Plaintiff's case, and the use of these materials in open court may not pose a direct threat to SCDC operations. At trial, this Court may review these documents at issue *in camera* if Plaintiff attempts to expose confidential information, and at that time this Court will decide whether the documents may be admitted and whether additional precautions are necessary to prevent disclosure of these documents to Plaintiff or other SCDC inmates. Therefore, Defendants' eighth motion *in limine* is DENIED.

**IT IS THEREFORE ORDERED** that Defendants' seventh motion *in limine* is GRANTED. Defendants' other motions *in limine* are DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September  26 , 2013
Anderson, South Carolina